

620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

212-218-5524

jyu@seyfarth.com

December 24, 2009

**VIA ECF AND FEDERAL EXPRESS**

Hon. Michael L. Orenstein, U.S.M.J.
United States District Court
 for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

> Re: **M.V.B. Collision, Inc. d/b/a Mid Island Collision v. Allstate Ins. Co.**
> **Civil Action No. 07-187 (JFB) (MLO)**

Dear Judge Orenstein:

This firm represents defendant Allstate Insurance Company ("Allstate") in the above-referenced action. As the Court is aware, today is the deadline to complete discovery in this case, pursuant to this Court's Order, dated December 1, 2009. We submit this letter pursuant to Local Rule 37.3(c), regarding certain unresolved discovery disputes – specifically what we believe to be deficient responses to Allstate's Request for Admissions and Supplemental Interrogatories, served upon Plaintiff on November 13, 2009, pursuant to Fed. R. Civ. P. 26, 33 and 36.

Pursuant to Local Rule 37.3(a), the parties have conferred by phone and letter in an attempt to resolve these issues. Given that discovery is set to close within a few hours and that the dispute remains unresolved, however, we are constrained to preserve our right to involve the Court in the event the parties are unable to reach a resolution.

> A. **Plaintiff's Responses to Defendant's Request for Admissions and Supplemental Interrogatories.**

For the Court's reference, copies of Allstate's Request for Admissions and Supplemental Interrogatories are annexed hereto as Exhibits A and B respectively. The Request for Admissions generally request that Plaintiff admit or deny certain facts that were elicited through depositions and documents produced during discovery. Supplemental Interrogatory Number 1 further asks that for each individual Request for Admission by which Plaintiff failed to provide an unqualified admission, Plaintiff "set forth the factual basis for [its] denial or response, and identify any documents in support" thereof. Plaintiff served its responses and objections to same on December 11, 2009, true copies of which are annexed hereto as Exhibits C and D, respectively.



Hon. Michael L. Orenstein, U.S.M.J.
December 24, 2009
Page 2

As this Court is aware, Fed. R. Civ. P. 36(a)(4) states as follows:

> (4) ***Answer.*** If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Plaintiff's responses are woefully short of meeting the requirements set forth above. To start, Plaintiff failed to admit or deny many requests for admissions without explaining why, nor indicating whether a reasonable inquiry had been made. Plaintiff further objected to Allstate's Supplemental Interrogatory Number 1 and chose not to set forth the basis of its denials or unqualified admissions.

**B.  Allstate's Attempt to Meet and Confer.**

On December 22, 2009, the parties spoke by telephone to meet and confer. The parties reviewed many individual requests during which Allstate clarified certain requests and Plaintiff verbally agreed to supplement its responses before the discovery deadline. I had indicated, given the time constraints, that if we do not receive a response by early today, we may have to seek the Court's intervention. The evening of December 22, 2009, we sent a letter to Plaintiff's counsel memorializing our discussions, a copy of which is attached hereto as Exhibit E.

We have received neither a supplemental discovery response nor a response to our letter as we had hoped. While it is certainly possible that the parties will still be able to resolve this dispute without involving the Court, given that the deadline to complete discovery is today, we feel we must write to preserve Allstate's right to seek appropriate relief.

Thank you for Your Honor's attention.

Very truly yours,

SEYFARTH SHAW LLP

James S. Yu

cc:   Steven F. Goldstein, Esq. (via e-mail and Federal Express)