# SEYFARTH SHAW LLP
ATTORNEYS

620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
212-218-5554

Writer's e-mail
ahahn@seyfarth.com

April 1, 2010

**VIA E-MAIL, ECF AND FIRST CLASS MAIL**

Steven F. Goldstein, Esq.
Steven F. Goldstein LLP
One Old Country Road, Suite 318
Carle Place, New York 11514

    Re:    **M.V.B. Collision, Inc. d/b/a Mid Island Collision v. Allstate Insurance Company**
           **Civil Action No. 07-187 (E.D.N.Y.) (JFB) (MLO)**

Dear Mr. Goldstein:

    We have received your opposition papers to Allstate's motion for summary judgment. As part of those papers, we note that you have, *inter alia*, cross-moved for sanctions pursuant to Fed. R. Civ. P. 11 ("Rule 11"). We request that you withdraw such cross-motion for sanctions for the following reasons.

    First and foremost, this cross-motion fails to follow the safe-harbor provision of Rule 11(c)(2) and is procedurally improper. Indeed, Rule 11 also requires that a motion for sanctions be made separately from any other motion. Failure to comply with these requirements is fatal to a Rule 11 motion. *See Martens v. Thomann*, 273 F.3d 159, 178-79 (2d Cir. 2001).

    Second, you have mischaracterized witnesses' testimony and have asserted that Allstate made certain admissions. Your have ignored footnote 1 of Allstate's Rule 56.1 Statement, which states in relevant part,

> For purposes of summary judgment only, Allstate presents these facts as "undisputed" and in the light most favorable to Plaintiff. Allstate expressly reserves the right to challenge the veracity, relevance, weight, and admissibility of each and every "undisputed" fact at trial or in any other proceeding.

The Court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the non-movant. This Court, however, is not supposed to be making findings of fact, but rather determining whether a genuine issue of material facts exists. *See, e.g., Ramirez v. New York City Bd. of Educ.*, 481 F. Supp. 2d 209, 216 (E.D.N.Y. 2007) (the District Court's role on a motion for

summary judgment is one of "issue-finding," not "issue-resolution"). Your cross-motion for sanctions essentially requires this Court to make findings of facts, which is not the Court's function at this juncture.

For example, Mid Island has asserted that certain Allstate adjusters made disparaging remarks. However, the only damages calculations provided by Mid Island were incorporated in the Jennings Report. Such alleged defamatory remarks were not integral to the "M/R ratios" theory and "labor rate suppression" model. Allstate has argued that, for purposes of the motion, even if such remarks were made, Mid Island did not sustain damage because the customer did not leave Mid Island. On page 16 of Allstate's Memorandum of Law, Allstate asserts, *arguendo*, "Furthermore, as mentioned above, the instances of retaliation or defamation, <u>even if they did occur</u>, were limited to about a dozen or so instances, and Mid Island has not set forth any specific damage calculations as a result of those instances." (Emphasis added.)

Your cross-motion for sanctions has transformed Allstate's argument (which presumed facts in your clients favor for purposes of the motion) into some sort of "silence as admission" that such remarks were in fact made. Allstate's position is that such remarks -- even if they were made -- were not material for purposes of the summary judgment in that Mid Island did not sustain damages, and thus, failed to establish an essential element to prove its claims. *See Roe v. City of Westbury*, 542 F.3d 31, 35 (2d Cir. 2008) (a fact is material, so as to preclude summary judgment, if it might affect the outcome of the suit under the governing law), *cert. denied*, ___ U.S. ___, 130 S. Ct. 95 (2009).

In the event you refuse to withdraw your Rule 11 cross-motion based on the foregoing, please be advised that this letter constitutes Allstate's good faith attempt to resolve this issue prior to Allstate's own filing of a Rule 11 motion based on the filing of a frivolous and fatally defective Rule 11 motion. *See Estate of Davis v. Trojer*, 287 F. Supp. 2d 455 (S.D.N.Y. 2003) (filing of meritless motion for Rule 11 sanctions, even though district court admonished movant not to do so, warranted other party's cross-motion for Rule 11 sanctions); *Baker v. Urban Outfitters, Inc.*, 254 F. Supp. 2d 346, 361 (S.D.N.Y. 2003) ("The primary motivation, it seems, of [the plaintiff's] Rule 11 motion appears to be that Urban has not rolled over and played dead"). This is your second request for Rule 11 sanctions in this litigation (the first being sought in connection with the issue regarding Mid Island's tampering of Allstate's witness), and your pattern of using Rule 11 to detract from the real issues is becoming quite clear.

Please be further advised that this letter will constitute Allstate's pre-motion letter to the Court in the event Allstate is required to file a cross-motion for sanctions.

Very truly yours,

SEYFARTH SHAW LLP

Andrew T. Hahn, Sr.

Andrew T. Hahn, Sr.



Steven F. Goldstein, Esq.
April 1, 2010
Page 3

cc: Hon. Joseph F. Bianco, U.S.D.J. (Via ecf and Regular Mail)
United States District Court for the Eastern District of New York