# Steven F. Goldstein, LLP

ATTORNEYS AT LAW

One Old Country Road, Suite 318
Carle Place, New York 11514
Telephone (516) 873-0011
Facsimile (516) 873-0120

CALIFORNIA OFFICE:

RAMEY & DeBLANC, LLP
6033 W. Century Boulevard, #1180
Los Angeles, California 90045
Telephone (310) 988-2400

CHRISTOPHER R. INVIDIATA
cinvidiata@fgtdla-law.com

NEW JERSEY OFFICE:

SONAGERI & FALLON, LLC
Continental Plaza II
Hackensack, New Jersey 07601
Telephone (201) 646-1000

August 11, 2010

**Via ECF & Overnight Mail**

United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722
Attention: Hon. Joseph F. Bianco, U.S.D.J.

Re:   <u>M.V.B. Collision Inc. d/b/a Mid Island Collision v. Allstate Insurance Company</u>
        Docket No. 07-CV-187 (JFB)

Dear Judge Bianco:

     As you are well aware, we are counsel for the plaintiff in this matter, M.V.B. Collision, and make this correspondence in order to address the issues raised by counsel for the defendant in their correspondence dated August 10, 2010. With all due respect, the defendant's concerns and protestations regarding our proposed amended complaint are simply unfounded, and I would like to briefly address each of them.

     Regarding the assertion that we filed an "amended complaint" rather than a "*proposed* amended complaint," that argument is simply absurd, and along the lines of their unnecessary motion to strike our Rule 56.1 counter-statement. The Amended Complaint is <u>proposed</u>, because it has not yet been deemed served or accepted by this Court. There is no need to have it actually say "proposed" on it, that is presumed.

     As for the statute of limitations issues raised by counsel, they are both in direct contradiction to this Court's prior order, and otherwise lack merit. The order denying defendant's motion for summary judgment not only specifically directed us to serve a proposed amended complaint outlining defamation claims dating back to prior to the service of the original complaint, but it specifically stated that the complaint would be deemed amended to include claims and causes of action arising subsequent to that filing. It is thus the law of the case that these claims may be asserted at this time, and are actionable. In addition, the broadly stated nature of the defamation claims originally stated clearly encompasses all of the claims made here.

     The *Purnell* case cited by the defendant states that one publication does not relate back *to the date of a prior publication*. This is simply not what we're claiming here. Instead the claims relate back to the date of service of the original summons and complaint, which stated within it claims for defamation by the very speakers that are alleged to have made the statements included in our Amended Complaint. Contrary to the defendant's contentions, allegations of slander and defamation can be found to relate back to the facts, circumstances and proof underlying the original complaint where circumstances warrant. See, e.g., *39 College Point Corp. v. Transpac Capital Corp.*, 27 A.D.3d 454, 810 N.Y.S.2d 520 (2nd Dept., 2006); *Pickholz v. First Boston, Inc.*, 202 A.D.2d 277, 608 N.Y.S.2d 659 (1st Dept., 1994); *T.R. America Chemicals, Inc. v. Seaboard Sur. Co.*, 116 Misc.2d 874, 456 N.Y.S.2d 608 (Sup.Ct., N.Y. Cty., 1982).

     It must be noted as well that we are not alleging new speakers - all of the individuals noted in our amended complaint as relaying defamatory statements to Mid Island's customers are noted as having done so

in the original complaint, and have been under consideration for having done so throughout the life of this action. As such, the proposed amendment does not assert new operating facts, and the allegations *do* in fact relate back to the original complaint, contrary to defendant's claims. See, e.g., *Jewell v. Capital Cities/ABC, Inc.*, 1998 WL 702286, *2, No. 97 Civ. 5617 LAP (S.D.N.Y., Oct. 7, 1998).

The statements alleged in the amendment are not mere "rhetorical hyperbole," they are <u>allegations of fraud</u>. Allstate's personnel repeatedly and falsely asserted to Mid Island's customers that Mid Island was performing unnecessary work at inflated prices and defrauding its customers, with the clear goal in mind of diverting those customers to Allstate's own preferred shops. This is not protected opinion, it is <u>defamation per se</u>. "Additionally, a defamatory statement is libelous per se if it imputes fraud, dishonesty, misconduct, or unfitness in conducting one's profession". *Matovcik v. Times Beacon Record Newspapers*, 46 AD3d 636, 637 (2nd Dept.2007).See also, *Liberman v. Gelstein*, 80 N.Y.2d429, 435 (1992); *Kotowski v. Hadley*, 38 AD3d 499, 500 (2nd Dept.2007); *Gjonlekaj v. Sot*, 308 A.D.2d 471, 473-474 (2nd Dept.2003); and *Wasserman v. Haller*, 216 A.D.2d 289 (2nd Dept.1995).

Lastly, there is no privilege to the statements in this matter, as they go far beyond what could possibly be claimed to be in keeping with the qualified privilege being alleged by the defendant. The statements made by Allstate in this matter go beyond mere assertions as to the quality and cost of the plaintiff's repairs. Allstate's personnel accused Mid Island of performing unnecessary work at an inflated price, an act constituting fraud, not mere considerations of quality or value. Allstate's statements are defamatory per se, and not covered by any privilege. Additionally, of course, the *Gunder's* case was decided under Florida law, not New York law. Under New York law, a claim of a qualified privilege requires a specific factual showing, and does not lend itself to a motion to dismiss. See e.g., *Wilcox v. Newark Valley Cent. School Dist.*, 74 A.D.3d 1558, 904 N.Y.S.2d 523 (3rd Dept., 2010).

Also under New York law, unlike Florida law, a claim of a qualified privilege can be defeated by a claim of both common-law malice ("spite or ill will") and constitutional malice (knowledge of falsity or a reckless disregard for the truth). *Rosenberg v. Metlife, Inc.*, 453 F.3d 122, 123-4 (C.A.2, 2006), citing *Liberman v. Gelstein*, 80 N.Y.2d 429, 437, 590 N.Y.S.2d 857, 605 N.E.2d 344 (N.Y., 1992). Again, this Court's decision on the motion for summary judgment already holds, at least implicitly, that a jury question exists as to the existence of malice in the defendant's personnel's admitted attempts to steer customers from Mid Island, in this case by making *per se* defamatory statements about the plaintiff to its customers and potential customers.

The proposed amended complaint is valid and meritorious, and defendant's proposed motion would be futile. As such, we respectfully request that the defendant's application be denied.

Thank you for your time and attention. I remain as always,

Very truly yours,

Christopher R. Invidiata

CRI/dyg

cc: Seyfarth Shaw, LLP
Attorneys for Allstate Insurance Co.
620 Eighth Avenue
New York, New York 10018-1405